IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 18-290-001 |
| | ) | |
| ELIJAH WINCHESTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Pending before the court is a pro se motion for release of grand jury transcripts (ECF No. 86) filed by a non-party, Donna Cox ("Cox"). Cox's motion did not disclose any relationship to defendant Elijah Winchester ("Winchester") or explain the purpose of her request. Cox asserted that she has standing to access the grand jury transcripts as a member of the public. (ECF No. 86). The government filed a response in opposition to the motion (ECF No. 89). The motion is ripe for disposition.

Discussion

Cox's assertion that grand jury transcripts are public records which can be accessed by any member of the public is incorrect. Grand jury proceedings have long been protected from disclosure. In *United States v. Norian Corp.*, 2017 WL 3971378 (3d Cir. Sept. 8, 2017) (nonprecedential), the Third Circuit Court of Appeals reiterated the applicable test for disclosure of grand jury information:

> It is long established that, in order to preserve the freedom and integrity of the deliberative process during grand jury proceedings, Rule 6(e) protects from disclosure matters occurring before the grand jury. The policy of secrecy is not absolute, however. Disclosures may be granted preliminary to or in connection with

a judicial proceeding, so long as the requesting party can demonstrate a particularized need for that information which outweighs the public interest in secrecy.

*Id*. at * 2 (citations and punctuation omitted).

To prove a "particularized need," the requesting party must demonstrate that (1) "the material they seek is needed to avoid a possible injustice in another judicial proceeding;" (2) "the need for disclosure is greater than the need for secrecy;" and (3) "their request is structured to cover only the materials so needed." *Id*. at *4.  In considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries.  *Id*. at *5.

Grand jury proceedings are accorded a "strong presumption of regularity." *United States v. Winchester*, 407 F. Supp. 261, 277 (D. Del. 1975).  Vague allegations and conjectures about possible misconduct are insufficiently particularized to warrant a speculative inquiry into the genesis of an indictment which appears regular on its face. *Id*. (citations omitted).  In this case, it is unclear why the grand jury proceedings would be relevant because Winchester subsequently pleaded guilty and is now serving a term of imprisonment.

Cox failed to overcome the presumption of regularity and secrecy of grand jury proceedings.  She did not explain why she needs to review the transcripts or identify any injustice.  She did not demonstrate a particularized need for the transcripts or explain why that need outweighs the public's interest in secrecy.  She did not limit her request in any way to cover only the materials she may need.

Conclusion

For the reasons set forth above, the motion for release of grand jury transcripts (ECF No. 86) will be denied without prejudice for Cox to attempt to meet the applicable standard.

An appropriate order will be entered.

|  |  |
|---|---|
| | By the court, |
| Date:  October 10, 2024 | /s/ JOY FLOWERS CONTI<br>Joy Flowers Conti<br>Senior United States District Judge |